■ ALICE V. JANUKAJTIS et al., Respondents, v BRUCE FALLON et al., Respondents, and BOARD OF EDUCATION OF RED HOOK CENTRAL SCHOOL DISTRICT et al., Appellants. [726 NYS2d 451] —In an action to recover damages for personal injuries, etc., the defendants Board of Education of the Red Hook Central School District, Red Hook Central School District, and Janet Hull appeal from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 8, 2000, as denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On April 30, 1997, the infant plaintiff, Alexander Janukajtis, then 14 years old, was a student at the Lincoln Avenue Middle School in Red Hook, Dutchess County. On that day, he was injured when he was hit in the eye by a stick thrown by a fellow student, the defendant Sean Fallon, during a luncheon recess. The incident occurred in the school yard and was preceded by horseplay between the two students approximately one minute before the incident occurred. At the time of the incident, the school yard, which was approximately the size of a football field, according to the school principal, had an estimated 70 to 80 students present, and was supervised by one monitor.

The defendants Board of Education of the Red Hook Central School District, Red Hook Central School District, and Janet Hull (hereinafter the school defendants), moved for summary judgment dismissing the complaint and cross claims insofar as asserted against them. The Supreme Court denied their motion, finding, *inter alia*, that there are issues of fact as to whether the school defendants negligently supervised the students. We disagree.

It is well established that although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities (*see, Mirand v City of New York,* 84 NY2d 44, 49; *Convey v City of Rye School Dist.,* 271 AD2d 154, 159). In order to find that a school has breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, it must be shown that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49). Actual or constructive notice to the school of prior similar conduct is generally required because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place on a daily basis among students (*see, Mirand v City of New York, supra*). An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of

negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see, Mirand v City of New York, supra,* at 49; *Convey v City of Rye School Dist., supra,* at 159; *Hauser v North Rockland Cent. School Dist. No. 1.,* 166 AD2d 553, 554).

The school defendants sustained their burden of establishing that they had no actual or constructive notice of prior similar conduct (*see, Mirand v City of New York, supra,* at 49). While Fallon had some disciplinary problems, they were not of the nature to place the school defendants on notice of the instant situation. Moreover, under the circumstances, there is no evidence to establish that any purported negligence on the part of the school defendants was the proximate cause of the injuries since according to the infant plaintiff's own deposition testimony, Fallon pushed him down "about a minute or so" before he was injured. The infant plaintiff then ran after Fallon and was struck with a stick Fallon threw at him. Where, as here, an accident occurs in so short a span of time that "even the most intense supervision could not have prevented it," lack of supervision is not the proximate cause of the injury and summary judgment in favor of the school defendants is warranted (*Convey v City of Rye School Dist., supra,* at 160; *cf., Totan v Board of Educ.,* 133 AD2d 366). Furthermore, liability from injury caused by a fight cannot be predicated upon supervisory negligence if the plaintiff voluntarily entered into the fight (*cf., Borelli v Board of Educ.,* 156 AD2d 903; *Ruggiero v Board of Educ.,* 31 AD2d 884, *affd* 26 NY2d 849). The deposition testimony showed that the infant plaintiff was a willing and active participant in the incident and, therefore, the alleged failure of the school defendants to adequately supervise was not the proximate cause of his injuries.

Accordingly, the school defendants are entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against them. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.