■ LAWRENCE VELEZ et al., Respondents, v FREEPORT UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Defendants. [740 NYS2d 364] —In an action to recover damages for personal injuries, etc., the defendants Freeport Union Free School District, James Brown, McArthur McKinnon, and "John Doe" appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated November 21, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The infant plaintiff claimed that he was injured when a fellow student allegedly assaulted him after a short chase through a junior high school locker room. The infant plaintiff claims that he began to run from the other student because he had a history of placing "wrestling moves" on him, none of which were ever reported to school personnel.

Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, they are not insurers of the safety of their students, for they cannot be reasonably expected to continuously supervise and control all of the students' movements and activities (*see Mirand v City of New York,* 84 NY2d 44, 49; *Convey v City of Rye School Dist.,* 271 AD2d 154, 159). To find that a school breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, the plaintiff must show that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury, that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49). An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*id.* at 49-50; *Convey v City of Rye School Dist., supra* at 159; *Janukajtis v Fallon,* 284 AD2d 428, 429-430).

The appellants sustained their burden of establishing that they had no actual or constructive notice of any prior similar conduct by the student who allegedly assaulted the infant plaintiff. While the codefendant student was previously disciplined for fighting, that single incident was remote and of a dissimilar nature, and did not place school personnel on notice of the instant situation (*see Mirand v City of New York, supra* at 49; *Janukajtis v Fallon, supra* at 430; *Malik v Greater Johnstown Enlarged School Dist.,* 248 AD2d 774, 776).

In any event, there is no evidence to suggest that the appellants' purported negligence was a proximate cause of the injuries. The testimony of the defendant McArthur McKinnon at an examination before trial indicated that the assault occurred so quickly that it could not have been prevented by more intense supervision (*see Junukajtis v Fallon, supra* at 430; *Convey v City of Rye School Dist., supra* at 160; *Johnsen v Cold Spring Harbor Cent. School Dist.,* 251 AD2d 548, 549). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.