■ DELARENTA MORMAN et al., Respondents, v OSSINING UNION FREE SCHOOL DISTRICT et al., Appellants. [747 NYS2d 586]

The injured plaintiff, an eighth grader, was involved in an altercation with a fellow female student during an art class. The injured plaintiff claimed that the fellow student instigated the fight and that her actions were undertaken in self-defense. The plaintiffs subsequently commenced this action claiming that the defendants' alleged negligent supervision was the proximate cause of the injured plaintiff's injuries. The defendants moved for summary judgment dismissing the complaint and the Supreme Court denied the motion. We reverse.

Schools have a duty to provide supervision to ensure the safety of those students in their charge and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44; *Hernandez v Christopher Robin Academy*, 276 AD2d 592; *Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49; *see Velez v Freeport Union Free School Dist.*, 292 AD2d 595; *O'Neal v Archdioceses of N.Y.*, 286 AD2d 757; *Hernandez v Christopher Robin Academy, supra*). Injuries caused by the impulsive, unanticipated act of a fellow student

ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see Mirand v City of New York, supra; Velez v Freeport Union Free School Dist., supra; Janukajtis v Fallon,* 284 AD2d 428).

The defendants sustained their burden of establishing that they had no actual or constructive notice of any prior similar conduct by the student who allegedly attacked the injured plaintiff. While the student had an extensive disciplinary record, the majority of the incidents involved insubordinate and disruptive behavior of a nonviolent nature. The only previous disciplinary action taken against the student for fighting occurred over eight months prior to the altercation with the injured plaintiff. These prior incidents were insufficient to place the defendants on notice of the present situation (*see Velez v Freeport Union Free School Dist., supra; Janukajtis v Fallon, supra; Brown v Board of Educ. of Glen Cove Pub. Schools, supra; Gibiser v LaSalle Ctr.,* 258 AD2d 439; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574). Moreover, the only previous dispute between the girls was a verbal quarrel which occurred earlier on the day of the altercation, which the injured plaintiff did not report to school officials (*see Danna v Sewanhaka Cent. High School Dist.,* 242 AD2d 361; *see also O'Neal v Archdioceses of N.Y., supra; Convey v City of Rye School Dist.,* 271 AD2d 154). In opposition, the plaintiffs failed to raise a triable issue of fact in this regard (*see e.g. Zuckerman v City of New York,* 49 NY2d 557).

In view of the foregoing, the defendants' remaining contention need not be reached. Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.