■ PATRICK J. COLLINS, JR., Appellant, v JEFFREY K. STUDER et al., Defendants, and MOUNT PLEASANT CENTRAL SCHOOL DISTRICT, Respondent. [749 NYS2d 96] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated August 29, 2001, as granted that branch of the motion of the defendant Mount Pleasant Central School District which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured in a fight with another student at a high school within the school district of the respondent, Mount Pleasant Central School District (hereinafter the District). The plaintiff commenced this action against the District and the other student, alleging, inter alia, that the District was negligent in failing to properly supervise the students at the school. The Supreme Court granted the District's motion for summary judgment, finding that the conduct of the codefendant fellow student was unforeseeable. We affirm.

Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, they are not insurers of the safety of their students, for they cannot be reasonably expected to continuously supervise and control all of the students' movements and activities (*see Mirand v City of New York,* 84 NY2d 44, 49; *Lawes v Board of Educ. of City of N.Y.,* 16 NY2d 302, 306; *Convey v City of Rye School Dist.,* 271 AD2d 154, 159). To find that a school breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, the plaintiff must show that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury, that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49; *Janukajtis v Fallon,* 284 AD2d 428, 429). "An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Velez v Freeport Union Free School Dist.,* 292 AD2d 595, 596; *see Mirand v City of New York, supra* at 49-50; *Janukajtis v Fallon, supra*).

The District demonstrated its entitlement to summary judgment by establishing that it had no actual or constructive notice of any prior similar conduct by the student who allegedly assaulted the infant plaintiff (*see Velez v Freeport Union Free School Dist., supra*). In opposition, the plaintiff failed to raise a triable issue of fact with respect to the District's liability. Accordingly, the Supreme Court properly granted that branch of the District's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.