■ MARIA V. ANGLERO, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [758 NYS2d 162] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated February 4, 2002, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Maria Victoria Anglero, sought to recover damages against the defendant, the New York City Board of Education (hereinafter the Board), for her son's personal injuries and eventual death which resulted from an assault by fellow students during dismissal from school. The Supreme Court granted the Board's motion for summary judgment dismissing the complaint. We affirm.

The Board made a prima facie showing of entitlement to judgment as a matter of law by establishing that it had no actual or constructive notice of prior similar conduct by the students who assaulted the decedent (*see Velez v Freeport Union Free School Dist.,* 292 AD2d 595, 596 [2002]; *Convey v City of Rye School Dist.,* 271 AD2d 154, 159 [2000]). The

plaintiff conceded that there was no evidence which should have caused the Board to anticipate the attack. She argued that the attack itself provided school personnel with actual notice such that they had the duty to intervene and prevent the decedent's injuries. Although the assault started on school property during dismissal, the plaintiff failed to present evidence that school personnel supervising dismissal were aware that the decedent was being attacked. Without such evidence, the plaintiff cannot raise issues of fact as to whether the Board breached its duty to provide adequate supervision (cf. *Thomas v Board of Educ. of Kingston City Consol. School Dist.*, 291 AD2d 710, 712 [2002]; *Wojtowicz v Dexter Terrace Elementary Schools [BOCES]*, 288 AD2d 915 [2001]; *Nelson v Sachem Cent. School Dist.*, 245 AD2d 434, 435 [1997]). Thus, the Supreme Court properly granted the Board's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.