■ SUSAN LINK et al., Appellants, v QUOGUE UNION FREE SCHOOL DISTRICT, Respondent. [832 NYS2d 623]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 8, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Schools have a duty to provide supervision to ensure the safety of students in their charge, and they will be held liable for the foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Eberwein v Newburgh Enlarged City School Dist.*, 31 AD3d 492 [2006]; *Oldham v Eastport Union Free School Dist.*, 26 AD3d 480 [2006]). However, "[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school] is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Eberwein v Newburgh Enlarged City School Dist., supra*; *Hernandez v Board of Educ. of City of N.Y.*, 302 AD2d 493 [2003]; *Janukajtis v Fallon*, 284 AD2d 428 [2001]).

Here, the defendant Quogue Union Free School District established its entitlement to judgment as a matter of law by submitting evidence that the incident which allegedly caused

the infant plaintiff to sustain psychological trauma occurred in so short a period of time that its alleged failure to provide adequate supervision was not a proximate cause of his injuries. In opposition, the plaintiffs failed to raise an issue of fact (*see Eberwein v Newburgh Enlarged City School Dist., supra; Convey v City of Rye School Dist., supra; Hernandez v Board of Educ. of City of N.Y., supra; Janukajtis v Fallon, supra; Totan v Board of Educ. of City of N.Y.,* 133 AD2d 366 [1987]). Accordingly, the Supreme Court properly granted the School District's motion for summary judgment dismissing the complaint. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.