■ ROBERT CHRISTOPHER BUCHHOLZ, Appellant, v PATCHOGUE-MEDFORD SCHOOL DISTRICT, Respondent, et al., Defendants. [931 NYS2d 113]—

On June 15, 2005, the last day of the school year, the plaintiff

student allegedly sustained injuries when he was assaulted in a school hallway by two fellow students, the defendants David Ho and Joel Correra. The plaintiff thereafter commenced this action against the defendants Patchogue-Medford School District (hereinafter the School District), Ho, and Correra, alleging, among other things, negligent supervision by the School District.

Following joinder of issue and discovery, the School District moved for summary judgment dismissing the complaint insofar as asserted against it, alleging that it had no actual or constructive notice that Ho and Correra would assault the plaintiff, and that the assault occurred in so short a span of time that any alleged negligence on its part could not have been the proximate cause of the plaintiff's alleged injuries.

Schools have a duty to provide supervision to ensure the safety of those students in their charge and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Hernandez v Christopher Robin Academy*, 276 AD2d 592 [2000]; *Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267 [1999]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Velez v Freeport Union Free School Dist.*, 292 AD2d 595 [2002]; *O'Neal v Archdioceses of N. Y.*, 286 AD2d 757 [2001]; *Hernandez v Christopher Robin Academy*, 276 AD2d 592 [2000]). Injuries caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to negligence on the part of the School District absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see Mirand v City of New York*, 84 NY2d at 49; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595 [2002]; *Janukajtis v Fallon*, 284 AD2d 428, 429-430 [2001]).

Here, the School District submitted evidence showing that the plaintiff and the two assailants, Ho and Correra, had never previously been involved in a violent altercation with each other, and that none of the disciplinary infractions previously committed by Ho and Correra involved violent behavior. Such evidence established, prima facie, that the School District had no actual or constructive knowledge of dangerous conduct by Ho and Cor-

rera, and that it could not have reasonably foreseen the attack on the plaintiff (*see Morman v Ossining Union Free School Dist.*, 297 AD2d 788 [2002]; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595 [2002]; *Janukajtis v Fallon*, 284 AD2d at 430; *Brown v Board of Educ. of Glen Cove Pub. Schools*, 267 AD2d 267 [1999]; *Kennedy v Seaford Union Free School Dist. No. 6*, 250 AD2d 574 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact on the issue of actual or constructive notice. Accordingly, the Supreme Court properly granted that branch of the School District's motion which was for summary judgment dismissing so much of the complaint as alleged negligence based upon notice of Ho and Correra's alleged prior violent behavior.

The School District, however, failed to establish its entitlement to judgment as a matter of law on so much of the complaint as alleged negligent supervision by security personnel. In support of the motion, the School District submitted, inter alia, transcripts of the deposition testimony of the plaintiff and a security guard employed by the School District who witnessed the assault. Notably, at his deposition, the plaintiff testified that the assault happened over the course of "a few minutes," and during that entire time, a security guard watched from only a few feet away, but did not intervene until the assault had ended. At his deposition, the security guard agreed with the plaintiff that he was standing only a few feet away when the assault occurred, but in contrast, testified that the assault occurred over the course of mere seconds, while the hallway was crowded with high school students, and that he intervened "immediately." Viewing the evidence in a light most favorable to the nonmoving plaintiff, the deposition testimony of the plaintiff did not eliminate all triable issues of fact as to whether the security guard who witnessed the assault was presented with a potentially dangerous situation and failed to take "energetic steps to intervene" in time to prevent some of the injuries allegedly sustained by the plaintiff (*Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305 [1965]; *see Johnson v Ken-Ton Union Free School Dist.*, 48 AD3d 1276, 1278 [2008]; *McLeod v City of New York*, 32 AD3d 907, 908 [2006]; *Siller v Mahopac Cent. School Dist.*, 18 AD3d 532, 533 [2005]; *Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002]; *cf. O'Neal v Archdioceses of N. Y.*, 286 AD2d 757 [2001]; *Janukajtis v Fallon*, 284 AD2d at 430). Since the School District failed to meet its prima facie burden, we need not consider the sufficiency of the papers submitted by the plaintiff in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied that branch of the School District's motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision by security personnel.

The plaintiff's remaining contention is without merit. Dillon, J.P., Belen, Roman and Miller, JJ., concur.