■ Jake F. et al., Respondents, v Plainview-Old Bethpage Central School District, Appellant, et al., Defendant. [944 NYS2d 152]—

In an action to recover damages for personal injuries, etc., the defendant Plainview-Old Bethpage Central School District appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered February 1, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

On October 15, 2008, the infant plaintiff, a high school student, was dismissed after eighth period and was on school grounds during ninth period when a fellow student allegedly assaulted him, causing serious injuries. The infant plaintiff, by his father, and his father, suing individually, commenced this action alleging, inter alia, that the defendant Plainview-Old Bethpage Central School District (hereinafter the defendant) breached a duty to provide adequate supervision, proximately causing the infant plaintiff's injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it contending, inter alia, that it did not breach a duty to provide adequate supervision because the acts of the fellow student could not reasonably have been anticipated. In the order appealed from, the Supreme Court denied the motion. We reverse.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*id.* at 49; *see Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 844 [2011]).

Here, the defendant established, prima facie, that the assault was an unforeseeable act that, without sufficiently specific knowledge or notice, could not reasonably have been anticipated by the defendant (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). The defendant submitted evidence that the infant plaintiff and the assailant had no previous interaction, and that the assailant's disciplinary record contained several instances of nonviolent, disruptive behavior and a single, remote incident of fighting two years and nine months prior to the instant assault. With this evidence, the defendant sustained

its burden of establishing that it had no actual or constructive notice of prior conduct similar to the instant assault (*see Buchholz v Patchogue-Medford School Dist.*, 88 AD3d at 844-845; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 789 [2002]; *Velez v Freeport Union Free School Dist.*, 292 AD2d 595, 596 [2002]; *Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.