In an action to recover damages for personal injuries, etc., the defendant East Islip Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 28, 2011, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the de *928 fendant East Islip Union Free School District which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The infant plaintiff was a sixth-grade student at a middle school in the defendant East Islip Union Free School District (hereinafter the district). While walking between classes, he encountered another sixth-grade student with whom he was friendly, and patted him on the back or pushed him slightly. The friend turned and, grabbing the infant plaintiff, swung him so that he struck a nearby wall, causing him to sustain injuries.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]). “In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated” (id.; see Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804 [2012]; Buchholz v Patchogue-Medford School Dist., 88 AD3d 843, 844 [2011]; Convey v City of Rye School Dist., 271 AD2d 154, 159 [2000]).
The district submitted evidence that the infant plaintiff and his fellow student were on friendly terms, had no record of misbehavior of a violent or a nonviolent nature, and no history of previous altercations. The district thereby sustained its burden of establishing that it had no actual or constructive notice of prior conduct similar to the subject incident (see Buchholz v Patchogue-Medford School Dist., 88 AD3d at 844-845; Velez v Freeport Union Free School Dist., 292 AD2d 595, 596 [2002]). In addition, there was no evidence that any negligent supervision on the part of the district was the proximate cause of the infant plaintiffs injuries (see Velez v Freeport Union Free School Dist., 292 AD2d at 596; Janukajtis v Fallon, 284 AD2d 428, 430 [2001]; Convey v City of Rye School Dist., 271 AD2d at 160). The incident at issue occurred in so short a span of time that “ ‘even the most intense supervision could not have prevented it’ ” (Janukajtis v Fallon, 284 AD2d at 430, quoting Convey v City of Rye School Dist., 271 AD2d at 160; see Keaveny v Mahopac Cent. School Dist., 71 AD3d 955 [2010]; Eberwein v Newburgh Enlarged City School Dist., 31 AD3d 492 [2006]).
In opposition to the district’s establishment of its prima facie entitlement to judgment as a matter of law, the plaintiffs failed *929 to raise a triable issue of fact as to the district’s notice of prior dangerous conduct and the need for greater supervision (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the Supreme Court should have granted that branch of the district’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.