Jesse Khosrova, an Infant, by His Mother and Natural Guardian, Sharon Khosrova, et al., Appellants, v Hampton Bays Union Free School District, Respondent. [951 NYS2d 235]—

In June 2004 the plaintiff Jesse Khosrova (hereinafter injured plaintiff), who was then a seventh-grade student, allegedly sustained personal injuries when he was assaulted by a fellow student while waiting for a school bus just outside his school. The school provided a late bus for students who stayed at the school for after-school activities. The injured plaintiff asserted that his assailant struck him more than once, and that the entire incident spanned a period of several minutes. There was no adult present during the incident. While there was no evidence of prior similar conflict between the injured plaintiff and the assailant, the assailant's lengthy disciplinary record showed that, prior to the incident, he had exhibited violent tendencies and assaulted other students and an assistant principal. The injured plaintiff, by his mother, and his mother suing derivatively, commenced this action against the Hampton Bays Union Free School District, alleging, inter alia, that the defendant breached a duty to provide adequate supervision, proximately causing the injured plaintiff's injuries.

The defendant moved for summary judgment dismissing the complaint, contending that it adequately supervised the injured plaintiff and that, in any event, its alleged negligence was not a proximate cause of the injured plaintiff's injuries. In the order appealed from, the Supreme Court granted the motion. We reverse.

Schools are under a duty to adequately supervise children in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). A school is obligated to exercise such care over students in its charge that a parent of ordinary prudence would exercise under comparable circumstances (*see id.; Ohman v Board of Educ. of City of N.Y.*, 300 NY 306 [1949]; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 146 [2011]; *Jennings v Oceanside Union Free School Dist.*, 279 AD2d 507, 508 [2001]). In determining that the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently

specific knowledge or notice of the dangerous conduct which caused injury; that is, the third-party acts could reasonably have been anticipated (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d at 49; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805 [2012]; *Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 844 [2011]). Actual or constructive notice to the school of prior similar conduct is generally required, because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily. An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see Mirand v City of New York*, 84 NY2d at 49; *Buchholz v Patchogue-Medford School Dist.*, 88 AD3d at 844; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552 [2005]).

Here, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of its motion, the defendant submitted, inter alia, the deposition testimony of its superintendent, who testified that she did not recall whether, prior to the incident, there were any fights or disciplinary problems that occurred at the pick-up area. Thus, the defendant failed to sustain its burden of establishing that it had no actual or constructive notice of prior conduct similar to the subject incident (*cf. Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]). To the extent that the defendant contends that it did not owe a duty of adequate supervision to the injured plaintiff because the incident occurred outside the school building and after normal school hours, that contention is without merit. The evidence submitted by the defendant demonstrates that the incident occurred on school grounds, while the injured plaintiff and 10 to 15 other students were awaiting the late school bus. The duty that the defendant owed to the injured plaintiff "derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (*Mirand v City of New York*, 84 NY2d at 49; *see Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 147; *Reed v Pawling Cent. School Dist.*, 245 AD2d 281, 281-282 [1997]). Under the circumstances presented here, the mere fact that the accident occurred following the formal end of classes for the day is without legal significance (*see Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 148). Contrary to the de-

fendant's contention, the evidence submitted in support of its motion did not show, as a matter of law, that the injured plaintiff was a voluntary participant in the incident (*see McLeod v City of New York*, 32 AD3d 907 [2006]).

The defendant's remaining contentions are without merit. Since the defendant failed to establish its entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.