JAMES HARRINGTON et al., Respondents, v BELLMORE- MERRICK CENTRAL HIGH SCHOOL DISTRICT, Appellant. [978 NYS2d 868]—

On December 19, 2007, the infant plaintiff, who was then a seventh-grade student at the Merrick Avenue Middle School, a school within the defendant Bellmore-Merrick Central High School District, allegedly sustained personal injuries when he was assaulted by a fellow student. The infant plaintiff, and his mother suing derivatively, commenced this action alleging, inter alia, negligent supervision by the defendant. The defendant moved for summary judgment dismissing the complaint. The Supreme Court, among other things, denied that branch of the defendant's motion which was for summary judgment dismissing the negligent supervision claims.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Stephenson v City of New York*, 19 NY3d 1031, 1033 [2012]; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669, 670 [2012]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805 [2012]; *Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 844 [2011]).

Here, in support of that branch of its motion which was for summary judgment dismissing the negligent supervision claims, the defendant established, prima facie, that the alleged assault

was an unforeseeable act and that it had no actual or constructive notice of prior conduct similar to the subject incident (*see Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d at 805). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the negligent supervision claims.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.