■ MIETTE CVIJENOVICH, Respondent, v BEACON KIDS WRESTLING CLUB, Appellant, et al., Defendants. [5 NYS3d 240]—

In an action to recover damages for personal injuries, etc., the defendant Beacon Kids Wrestling Club appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 18, 2013, as denied that branch of its motion, made jointly with the defendants Kevin M. Davis and Beacon City School District, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion, made jointly with the defendants Kevin M. Davis and Beacon City School District, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

While participating in a wrestling match sponsored by the appellant, the plaintiff's child allegedly sustained injuries when his opponent performed "an illegal or unreasonably dangerous

wrestling move." Immediately after the alleged illegal wrestling move, the referee, who was an experienced high school wrestler, disqualified the opponent.

The plaintiff alleges, among other things, that the appellant was negligent in failing to provide an adequately trained or certified referee to supervise the wrestling match. Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury and summary judgment in favor of a defendant charged with the duty of reasonable supervision is warranted (see Janukajtis v Fallon, 284 AD2d 428, 430 [2001]). The appellant established its prima facie entitlement to judgment as a matter of law with evidence, including a transcript of the deposition testimony of the plaintiff's child and a videotape of the wrestling match, demonstrating that the allegedly illegal wrestling move occurred in so short a span of time that even the most intense supervision could not have prevented it (see Cruz v Longwood Cent. Sch. Dist., 110 AD3d 757 [2013]; Keith S. v East Islip Union Free School Dist., 96 AD3d 927, 928 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court should have granted that branch of the appellant's motion, made jointly with the defendants Kevin M. Davis and Beacon City School District, which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.