■ Tyler Brown, an Infant, by His Parent and Natural Guardian, Mandi Meneses, et al., Appellants, v South Country Central School District, Respondent. [25 NYS3d 675]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 4, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, who was then a seventh-grade student at a middle school in the defendant South Country Central School District, was assaulted by three fellow students in the locker room after gym class. The infant plaintiff, by his parent Mandi Meneses, and Mandi Meneses individually, commenced this action to recover damages for negligent supervision, and the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Braun v Longwood Jr. High Sch.*, 123 AD3d 753, 755 [2014]; *Harrington v Bellmore-Merrick Cent. High Sch. Dist.*, 113 AD3d 727, 727 [2014]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805 [2012]; *Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 844 [2011]).

Here, in support of its motion for summary judgment, the defendant established, prima facie, that it had no actual or constructive notice of prior conduct similar to the subject incident (*see Harrington v Bellmore-Merrick Cent. High Sch. Dist.*, 113 AD3d at 727-728; *Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]; *see also Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302). In any event, there was no evidence that any negligent supervision on the part of the defendant was the proximate cause of the infant plaintiff's injuries (*see Velez v Freeport Union Free School Dist.*, 292 AD2d 595, 596 [2002]). The incident at issue occurred in so short a span of time that "even the most intense supervision could not have prevented it" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Keith S. v East Islip Union Free School Dist.*, 96 AD3d at 928; *Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743, 744 [2010]; *Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]).

In opposition to the defendant's establishment of its prima facie entitlement to judgment as a matter of law, the plaintiffs

failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.