Williams v Student Bus Co., Inc. (2019 NY Slip Op 02146)





Williams v Student Bus Co., Inc.


2019 NY Slip Op 02146


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-10635
 (Index No. 35721/13)

[*1]Letricia Williams, etc., appellant,
v
Student Bus Company, Inc., etc., et al., respondents, et al., defendants.


The Post Law Firm, PLLC, Suffern, NY (Craig A. Post of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents Student Bus Company, Inc., and Student Bus Co., LLC.
Barry, McTiernan & Moore, LLC (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Christine Gasser], of counsel), for respondent Rockland Board of Cooperative Educational Services.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 29, 2017. The order granted that branch of the motion of the defendant Rockland Board of Cooperative Educational Services which was for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendants Student Bus Company, Inc., Student Bus Co., LLC, and East Ramapo Central School District for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Student Bus Company, Inc., Student Bus Co., LLC, and East Ramapo Central School District for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants Student Bus Company, Inc., Student Bus Co., LLC, and East Ramapo Central School District, and one bill of costs to the defendant Rockland Board of Cooperative Educational Services payable by the plaintiff.
On November 7, 2012, the plaintiff's son (hereinafter J. W.) was injured by a fellow student while onboard a bus on the way home from school. J. W. and his assailant attended the defendant Hilltop School, which was under the auspices of the defendant Rockland Board of Cooperative Educational Services (hereinafter Rockland BOCES). When school districts within Rockland County could not meet the needs of their students, they referred the students to the Rockland BOCES. Rockland BOCES provided various alternative educational programs, including the Hilltop School. Each school district was responsible for providing bus services to transport its own students to and from the alternative educational settings provided by Rockland BOCES. Both J. W. and his assailant were from the defendant East Ramapo Central School District (hereinafter the school district), which retained the defendants Student Bus Company, Inc., and Student Bus Co., [*2]LLC (hereinafter together the bus company defendants), to transport their students to and from the Hilltop School.
J. W.'s mother commenced this action against the bus company defendants, the school district, and Rockland BOCES, among others. Rockland BOCES moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it owed no duty of care to J. W. The bus company defendants and the school district separately moved for summary judgment dismissing the complaint insofar as asserted against them, contending that they did not breach their duty to supervise J. W. The Supreme Court granted both motions, and the plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). A school's duty to supervise the students in its charge arises from its physical custody over them (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 378; Pratt v Robinson, 39 NY2d 554, 560; Begley v City of New York, 111 AD3d 5, 23).
Rockland BOCES established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that, at the time of the accident, J. W. was beyond its physical custody or orbit of authority and that it owed him no duty of care (see generally Begley v City of New York, 111 AD3d at 23-28; Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 560; Wisoff v County of Westchester, 296 AD2d 402, 402-403; Womack v Duvernay, 229 AD2d 488, 489). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of Rockland BOCES's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
However, the Supreme Court should have denied the motion of the bus company defendants and the school district for summary judgment dismissing the complaint insofar as asserted against them. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d at 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Palopoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d 639; see David v County of Suffolk, 1 NY3d 525, 526). Where, as here, negligent supervision in the context of injuries caused by an individual's intentional acts is alleged, a plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable (see Mirand v City of New York, 84 NY2d at 49; Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Nash v Port Wash. Union Free School Dist., 83 AD3d at 150; Francis v Mount Vernon Bd. of Educ., 164 AD3d 873, 875). If, in fact, "dangerous play comes to its notice while children are within its area of responsibility," a school is bound "to take energetic steps to intervene" (Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305; see Palopoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d 639). "A school bus operator owes the very same duty to the students entrusted to its care and custody'" (Champagne v Lonero Tr., Inc., 162 AD3d 632, 633, quoting Thomas v Board of Educ. of Kingston City Consol. School Dist., 291 AD2d 710, 711-712; see Pratt v Robinson, 39 NY2d 554, 560).
Here, the bus company defendants and the school district established, prima facie, that they did not have sufficiently specific knowledge or notice of the dangerous conduct which caused injury (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Francis v Mount Vernon Bd. of Educ., 164 AD3d at 875; Brown v South Country Cent. Sch. Dist., 137 AD3d 732, 733; Buchholz v Patchogue-Medford School Dist., 88 AD3d 843, 844-845; Brown v City of New York, 130 AD2d 701). However, in opposition, the plaintiff raised triable issues of fact as to whether J. W.'s injuries [*3]were a foreseeable consequence of the bus driver and bus monitor's alleged failure to respond appropriately as the events unfolded (see Nelson v Sachem Cent. School Dist., 245 AD2d 434), and whether the bus driver and bus monitor took "energetic steps to intervene" in the fight (Lawes v Board of Educ. of City of N.Y., 16 NY2d at 305; see Palopoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d at 641-642; Butera v Village of Bellport, 128 AD3d 995; Buchholz v Patchogue-Medford School Dist., 88 AD3d at 845). Accordingly, the Supreme Court should have denied the motion of the bus company defendants and the school district for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contention is without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court