M.P. v Central Islip Union Free Sch. Dist. (2019 NY Slip Op 05553)





M.P. v Central Islip Union Free Sch. Dist.


2019 NY Slip Op 05553


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2019-00069
 (Index No. 30446/12)

[*1]M.P., etc., et al., respondents, 
v
Central Islip Union Free School District, appellant, et al., defendants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Leonard J. Tartamella (Jacobson & Schwartz, LLP, Jericho, NY [Henry J. Cernitz], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Central Islip Union Free School District appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 2, 2018. The order denied the motion of the defendant Central Islip Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Central Islip Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is granted.
The infant plaintiff, a kindergarten student at a school in the defendant Central Islip Union Free School District (hereinafter the School District), allegedly was injured when she was pushed into a wall by a fellow kindergarten student while they were lining up outside their classroom before the afternoon session. The infant plaintiff, by her mother, and the mother individually, commenced this action against, among others, the School District, asserting a cause of action to recover damages for negligent supervision. The School District moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. The School District appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see R.T. v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 747-748; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 953). However, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, lack of supervision is not the proximate cause of the injury and summary judgment in favor of a defendant charged with the duty of reasonable supervision is warranted (see Hinz v Wantagh Union Free Sch. Dist., 165 AD3d 1074, 1076; S.M. v Plainedge Union Free School Dist., 162 AD3d 814, 816; Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 764; Convey v City of Rye School Dist., 271 AD2d 154, 160).
Here, the School District established, prima facie, that the incident occurred in so short a period of time that any negligent supervision on its part was not a proximate cause of the infant plaintiff's alleged injuries (see Meyer v Magalios, 170 AD3d 1163, 1165; Brown v South Country Cent. Sch. Dist., 137 AD3d 732, 733; Keith S. v East Islip Union Free Sch. Dist., 96 AD3d 927, 928). In opposition, the plaintiffs failed to raise a triable issue of fact (see Diaz v Brentwood Union Free Sch. Dist., 141 AD3d 556, 558).
Accordingly, the Supreme Court should have granted the School District's motion for summary judgment dismissing the complaint insofar as asserted against it.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court