■ ROBERT A. THOMAS, as Guardian of the Person and Property of JOSEPH L. MUIR, an Infant, Respondent, v BOARD OF EDUCATION OF THE KINGSTON CITY CONSOLIDATED SCHOOL DISTRICT et al., Appellants, et al., Defendants. [738 NYS2d 436] —Mercure, J.P. Appeal from an order of the Supreme Court

(Bradley, J.), entered July 17, 2001 in Ulster County, which denied a motion by defendants Board of Education of the Kingston City Consolidated School District and Laidlaw Transit, Inc. for summary judgment dismissing the complaint against them.

Plaintiff brought this action to recover for serious physical injuries sustained by Joseph L. Muir, a student at Kingston High School in the City of Kingston, Ulster County, on September 25, 1998 when he was attacked by one or more other students on a school bus operated by defendant Laidlaw Transit, Inc. Muir boarded the school bus, which was parked in the school bus turnaround at dismissal, and stood at the edge of the bus aisle to let two other students, defendants Cory L. Gilbert and Josh Grimm, pass by. For no apparent reason, Gilbert pushed Grimm into Muir, knocking him back into a seat. When Muir asked Gilbert why he had done that, Gilbert responded by knocking Muir down and repeatedly kicking him in the torso, causing life-threatening internal injuries.

In his complaint, plaintiff asserts that Laidlaw and defendant Board of Education of the Kingston City Consolidated School District (hereinafter collectively referred to as defendants) were negligent in failing to provide sufficient supervision and security to prevent the assault and to promptly intervene after it had commenced. Following joinder of issue and some discovery, including depositions of Muir, Gilbert, Grimm, and Joseph Kelly, the Laidlaw bus driver, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, prompting this appeal by defendants.

Because there was no evidence that defendants were on notice of any prior problems involving these students or had any other reason to anticipate this spontaneous physical altercation (*see, Mirand v City of New York*, 84 NY2d 44, 49), we will focus on the issue of whether the evidence adduced on the summary judgment motion was sufficient to create a triable question of fact regarding defendants' failure to timely and properly intervene in the altercation. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision * * *" (*id.* at 49 [citations omitted]). The nature of the duty owed to students is " 'to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances' " (*id.* at 49, quoting *Hoose v Drumm*, 281 NY 54, 58). Further, a bus operator such as Laidlaw owes the very same duty to the students

entrusted to its care and custody (*see, Pratt v Robinson*, 39 NY2d 554, 560; *Harker v Rochester City School Dist.*, 241 AD2d 937, 938, *lv denied* 90 NY2d 811; 8 NYCRR 156.3 [f] [2] ["Drivers are held responsible for reasonable behavior (of) pupils in transit"]).

From Kelly's deposition testimony, it can be seen that he was in the bus, sitting in the driver's seat with the seat belt in place when the incident occurred. The fight was already underway when Kelly became aware of it. His first notice of the altercation was hearing Muir's words "you shouldn't have kicked me"; he then looked in his rearview mirror and saw the boys fighting. He called out, "would you please knock it off" and, when there was no response, he unbuckled his seat belt, stood up, and started down the aisle. According to Kelly, he was going to try to separate the boys, but other students were blocking his way and he was unable to reach them. He therefore returned to the front of the bus to radio the Laidlaw dispatcher. He made two efforts, but was unable to reach anyone. He saw a school security officer outside the bus, however, and was able to get his attention. The security officer boarded the bus, but by that time Gilbert and Grimm had already fled.

According to the various students' accounts, the altercation could have lasted for as long as five minutes and it is noteworthy that Kelly's somewhat implausible narrative concerning his inability to pass down the aisle was contradicted by all of the participants in the altercation, each of whom testified that the aisle was clear at all times. Under the circumstances and given the length of the encounter, we agree with plaintiff that a question of fact exists as to whether Laidlaw was in a position to intercede on Muir's behalf and whether such intervention may have prevented some or all of his injuries (*cf., De Munda v Niagara Wheatfield Bd. of Educ.*, 213 AD2d 975). We therefore agree with Supreme Court's determination to deny Laidlaw's summary judgment motion.

We reach a different conclusion, however, with respect to the school district. Based on the record before us, it appears that until Kelly got the attention of a security officer, no school district employee had any reason to know that the altercation was taking place. Plaintiff's speculation that the school district deviated from its own policy concerning the placement of security personnel or that further discovery may disclose such a deviation neither raised a triable question of fact nor warranted the denial of the motion pending further disclosure pursuant to CPLR 3212 (f).

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Board of Education of the Kingston City Consolidated School District for summary judgment; said motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.