■ ANTOINE E.J. et al., Appellants, v BIRCH FAMILY SERVICES, INC., Respondent. [943 NYS2d 219]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated November 22, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, a then-three-year old preschool student, allegedly was injured when, as he descended a stairway at the defendant's school, he was caused to fall down the stairs by the actions of another student. A teacher who was descending the

stairway behind the infant plaintiff testified at her deposition that the infant plaintiff fell when the other student, who was behind the infant plaintiff, unintentionally jerked his body forward. According to the infant plaintiff, the other student "pushed" him from behind.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). To establish a claim for failure to provide adequate supervision, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*id.* at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]). "[A]n injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that, whether the infant plaintiff was pushed or caused to fall by the unintentional forward movement of the student behind him, the conduct of the other student could not reasonably have been anticipated (*see Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429 [2006]; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553). The defendant demonstrated that it did not have notice of any prior similar conduct—intentional or unintentional—on the part of the other student (*see Andrew T.B. v Brewster Cent. School Dist.*, 67 AD3d 837 [2009]; *Hallock v Riverhead Cent. School Dist.*, 53 AD3d 527 [2008]; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553). In opposition, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs demonstrated that the defendant was previously aware of certain motor control problems experienced by the other student, that evidence was insufficient to raise a triable issue of fact as to whether the defendant had the requisite notice (*see Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 789 [2002]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.