■ CHRISTOPHER BRAUN, an Infant, by His Father and Natural Guardian, EDWARD BRAUN, et al., Appellants, v LONGWOOD JUNIOR HIGH SCHOOL et al., Respondents. [997 NYS2d 744]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 19, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Amboy Bus Co., Inc., Atlantic Express Transportation Corp., and The Bus Driver Known as "Laura" (last name unknown).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for injuries allegedly sustained as a result of an assault on the infant plaintiff (hereinafter the infant) which occurred on a school bus. At the time of the subject incident, the infant was an eighth-grade student traveling home from school on a bus affiliated with the defendants Amboy Bus Co., Inc., and Atlantic Express Transportation Corp., and operated by Laura Ducz, sued herein as The Bus Driver known as "Laura" (last name unknown) (hereinafter collectively the bus defendants). According to the infant's deposition testimony, the incident occurred approximately 10 minutes after the bus left the school. During that time, several boys seated in the rear of the bus began throwing paper balls at each other in a friendly manner. The infant testified that when another boy seated several rows ahead of them (hereinafter the assailant) was struck with a paper ball, he walked to the rear of the bus and demanded to know who threw it. No one admitted to the act, and the assailant threw the paper ball at the infant and warned him not to hit him with it again. The infant claimed that the ball landed on his shoulder and that he "flicked" it off, striking the assailant with it. The assailant then punched the infant in the face several times and returned to his seat. The infant could not remember how long the incident took. He had never seen a fight occur on the school bus before.

Ducz, the bus driver, testified at her deposition that the incident occurred approximately five minutes after the bus left the school. She did not witness the incident; her focus was on navigating along the busy road on which she was driving. She testified that she briefly glanced at her interior mirror every several seconds to make sure no passengers were standing up. She claimed that the incident "must have been very momentary," since she did not see anyone standing, and the mirror did not give her any view of what the students were doing while they were seated. The first time she observed a problem was when the infant, bleeding from his face, stood up and began walking toward the front of the bus. Ducz then pulled the bus

over at a safe location along the side of the road and ministered to the infant. She had never before experienced any disciplinary problems from the infant or the assailant.

The defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against the bus defendants, contending that the altercation was unforeseeable and had happened so quickly that greater supervision could not have prevented it. The Supreme Court granted that branch of the motion, and we affirm that portion of the order.

Like a school, a school bus company has a duty to adequately supervise children in its care, and to exercise the same degree of care toward them as would a reasonably prudent parent under similar circumstances (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669, 670 [2012]; *Thomas v Board of Educ. of Kingston City Consol. School Dist.*, 291 AD2d 710, 711-712 [2002]; *Harker v Rochester City School Dist.*, 241 AD2d 937, 938 [1997]). However, schools and school bus companies are not insurers of their students' safety; rather, for liability to result, they must have notice of the specific dangerous conduct so as to render the injury foreseeable, as well as a reasonable opportunity to prevent it (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d at 49).

Here, the bus defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they had no notice of any violent propensities or disciplinary problems on the part of the assailant. Rather, the assailant's act of punching the infant was sudden and unforeseeable, and any lack of supervision was not a proximate cause of the infant's alleged injuries (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302; *Diana G. v Our Lady Queen of Martyrs Sch.*, 100 AD3d 592, 593-594 [2012]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805-806 [2012]; *Corona v Suffolk Transp. Serv., Inc.*, 29 AD3d 726, 727 [2006]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654-655 [2006]). Since the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the bus defendants. Mastro, J.P., Hall, Roman and Maltese, JJ., concur. ■