MARVIN STATEN, an Infant, by His Parent and Natural Guardian, CASSANDRA DOZIER, et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, and CAMP CHEN-A-WANDA, INC., Respondent, et al., Defendants. [5 NYS3d 530]—

In an action to recover damages for personal injuries, etc., the defendants City of New York and New York City Department of Education appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated September 18, 2013, as denied those branches of their motion which were for summary judgment dismissing the infant plaintiff's causes of action insofar as asserted against them, and all cross claims asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the

motion of the defendant Camp Chen-A-Wanda which was for summary judgment dismissing the amended complaint insofar as asserted against it and granted that branch of the motion of the defendants City of New York and New York City Department of Education which was for summary judgment dismissing the derivative cause of action asserted by the plaintiff Cassandra Dozier.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants City of New York and New York City Department of Education which were for summary judgment dismissing the infant plaintiff's causes of action insofar as asserted against them, and all cross claims asserted against them, are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

In August 2007, the infant plaintiff, Marvin Staten, was attending a football camp operated by his public high school on camp grounds leased from the defendant Camp Chen-A-Wanda (hereinafter the Camp). He was standing outside the cabin to which he had been assigned, looking through the cabin window, when another student, who was inside the cabin, punched the window, causing the glass to break and injure his eye.

The infant plaintiff, by his mother and guardian, Cassandra Dozier, and Cassandra Dozier individually, commenced this action against, among others, the City of New York, the New York City Department of Education (hereinafter together the city defendants), and the Camp, to recover damages for personal injuries and loss of services based upon alleged negligent supervision and negligent maintenance of the camp grounds. After issue was joined, the city defendants and the Camp separately moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. In the order appealed from, the Supreme Court granted the Camp's motion, granted those branches of the city defendants' motion which were for summary judgment dismissing the derivative cause of action for loss of services, and denied the remaining branches of the city defendants' motion.

As the city defendants correctly contend, that branch of their motion which was for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against the City of New York should have been granted, as the city defendants established, prima facie, that the City of New

York was not a proper party to this action (*see Myers v City of New York*, 64 AD3d 546, 547 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

With respect to the plaintiffs' allegations of negligent supervision, the defendant New York City Department of Education (hereinafter the DOE) established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that there was adequate supervision and that the level of supervision was not a proximate cause of the accident (*see Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs pointed to the fact that the student who broke the window was involved in an altercation in February 2006, for which he received an in-school suspension. However, that disciplinary history was insufficient to place the defendants on notice of dangerous conduct which requires a greater level of supervision (*see Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805 [2012]; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788, 789 [2002]). The infant plaintiff's injury was the result of a spontaneous, unanticipated act which could not have been averted through the exercise of greater supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911 [2009]). Accordingly, the Supreme Court should have granted that branch of the city defendants' motion which was for summary judgment dismissing the infant plaintiff's cause of action insofar as asserted against the DOE.

The Camp retained control and management of the property. Therefore, any negligent maintenance of the premises was its responsibility. The Camp established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not negligently maintain the property. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur. ■■■■■■■■