■ LEORA HACKEL, an Infant, by Her Mother and Natural Guardian, RAIZY HACKEL, et al., Respondents, v WE TRANSPORT, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. HEBREW ACADEMY FOR SPECIAL CHILDREN, Third-Party Defendant-Respondent. [16 NYS3d 313]—

In an action to recover damages for personal injuries, etc., the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (J. Murphy, J.), dated June 24, 2013, as denied their motion for summary judgment dismissing the complaint and granted those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendants/third-party plaintiffs, and one bill of costs to the defendants/third-party plaintiffs, payable by the third-party defendant.

The defendants/third-party plaintiffs, We Transport, Inc., and Servisair (hereinafter together the bus defendants), are school bus companies which were engaged to transport children to the third-party defendant, Hebrew Academy for Special Children (hereinafter Hebrew Academy). On January 4, 2010, the then-four-year-old infant plaintiff was transported to Hebrew Academy on the bus defendants' school bus. Upon ar-

riving, a bus attendant unbuckled the infant plaintiff and, proceeding first, led the infant plaintiff to the front of the bus. At the bus stairs, the bus attendant handed the infant plaintiff to a teaching assistant employed by Hebrew Academy. The teaching assistant then took the infant plaintiff's hand, brought her into the school, and eventually handed her over to a second teaching assistant. The second teaching assistant took the infant plaintiff's hand and brought her to her classroom.

In the classroom, the infant plaintiff's teacher discovered that the infant plaintiff's left hand was bleeding. She was brought to the school nurse, and her mother was called. Later that morning, the infant plaintiff's pediatrician determined that the infant plaintiff had sustained a partial amputation of the tip of her left pinky finger caused by a razor-type blade, requiring surgery. When the infant plaintiff's mother boarded the school bus the following morning to inquire how the injury occurred, she observed a seatbelt cutter, which she described as a partially exposed nonretractable blade in a plastic casing, near the bus door. The seatbelt cutter was affixed to the mechanism used to open and shut the bus door, and passengers would have to pass by it while disembarking from the bus.

The infant plaintiff, by her mother, and her mother suing derivatively, commenced this personal injury action against the bus defendants alleging, inter alia, that they were negligent in allowing a "razor sharp" seatbelt cutter to be placed on a school bus, and in their supervision of the infant plaintiff. The plaintiffs asserted that they would rely on, among other theories, the doctrine of res ipsa loquitur. The bus defendants commenced a third-party action against Hebrew Academy seeking, inter alia, common-law indemnification and contribution.

The bus defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they did not breach a duty owed to the infant plaintiff since the evidence demonstrated that they safely transported her to school, and that the plaintiffs' inability to identify the instrumentality which caused the alleged injury was fatal to their negligence cause of action to the extent that it was premised upon the doctrine of res ipsa loquitur. Hebrew Academy moved for summary judgment dismissing the third-party complaint. The Supreme Court, inter alia, denied the bus defendants' motion for summary judgment dismissing the complaint, and granted those branches of Hebrew Academy's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution.

The Supreme Court properly denied the bus defendants' motion for summary judgment dismissing the complaint since they failed to eliminate all triable issues of fact as to whether they were negligent in their placement of the seatbelt cutter in close proximity to the door of the school bus and, if so, whether that negligent placement of the seatbelt cutter proximately caused the infant plaintiff's injury (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The deposition testimony of the teaching assistant who escorted the infant plaintiff from the bus to the school, which the bus defendants submitted in support of their motion, failed to establish that the infant plaintiff did not stop, reach, or touch anything as she exited the bus. Rather, the teaching assistant testified that she did not remember if the infant plaintiff's hands came in contact with anything on the bus. Since the bus defendants failed to satisfy their prima facie burden, we need not consider the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court improperly granted those branches of Hebrew Academy's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. Hebrew Academy demonstrated its prima facie entitlement to judgment as a matter of law dismissing those third-party causes of action by submitting the deposition testimony of its employees, which demonstrated that there was adequate supervision of the infant plaintiff and that such level of supervision was not a proximate cause of the accident (*see Staten v City of New York*, 127 AD3d 1066 [2015]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276, 276 [2002]). However, in opposition, the bus defendants raised a triable issue of fact as to whether the infant plaintiff was injured while in the custody of Hebrew Academy and its employees, rather than on the school bus, through the testimony of the bus attendant. The bus attendant testified that the infant plaintiff was wearing gloves during the entire time that she was on the school bus and through the time that the bus attendant escorted the infant plaintiff off the school bus and handed her directly to a Hebrew Academy employee, and that, when she handed the infant plaintiff over, the infant plaintiff did not appear to be in any physical pain, discomfort, or distress (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the bus defendants' motion for summary judgment dismissing the

complaint, but improperly granted those branches of Hebrew Academy's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.