■ SHARON LENNON et al., Respondents, v CORNWALL CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [18 NYS3d 139]—In an action to recover damages for personal injuries, etc., the defendant Cornwall Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated December 3, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669, 671 [2012]).

Here, the defendant Cornwall Central School District (hereinafter the School District) failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, the School District relied on evidence which included the deposition testimony of the two plaintiffs' infant children, who were pushed to the ground by a fellow student during a field trip, and the deposition testimony of School District employees. These submissions failed to eliminate all triable issues of fact as to whether the School District had actual or constructive notice of the fellow student's potential for causing harm, and whether, under the circumstances, the School District provided adequate supervision during the field trip (*see Mirand v City of New York*, 84 NY2d at 49; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d at 670-671).

Since the School District failed to make a prima facie showing of its entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the School District's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Cohen, Hinds-Radix and LaSalle, JJ., concur.

Eng, P.J., dissents, and votes to reverse the order insofar as appealed from, on the law, and grant the motion of the defendant Cornwall Central School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, with the following memorandum: I believe that the extensive evidence submitted by the defendant Cornwall Central School District (hereinafter the School District) satisfied its prima facie burden of demonstrating that it cannot be held liable for the impulsive act of an 11-year-old child who collided with two of his fellow students while running out of a zoo exhibit, and would reverse so much of the order as denied the School District's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

On November 12, 2010, sixth-grade students from Cornwall Central Middle School went to the Bronx Zoo on a field trip. At the zoo, the students were separated into small groups supervised by parent chaperones. Eleven-year-old Ryan Arzu, and two or three other children, were part of a group chaperoned by three parents, including Ryan's mother, the defendant Daisy Melendez. Five teachers from the middle school also accompanied the children on the field trip. Several groups of sixth graders were gathered inside the "Jungle World" exhibit when Ryan suddenly ran toward the exit, colliding with two girls who were standing near the exit door, and causing them to fall and allegedly sustain injuries. The two girls, Caitlin Lennon and Cara D. Dimedio, claim that Ryan intentionally pushed them. However, according to Ryan, he was running because another student was chasing him, and he accidentally came into contact with Caitlin and Cara while attempting to get through a gap between them to reach the exit door.

Following the incident, Caitlin's mother, Sharon Lennon, and Cara's father, Christopher Dimedio, commenced this action against the School District and Melendez seeking, inter alia, to recover damages for the injuries both girls allegedly sustained, on a theory of negligent supervision. After a lengthy discovery process, the School District moved for summary judg-

ment dismissing the complaint and all cross claims insofar as asserted against it. In support of the motion, the School District relied upon evidence which included the deposition testimony of the three children involved in the incident, the plaintiff Lennon, the defendant Melendez, three teachers, three administrators, and a school social worker. The Supreme Court denied the School District's motion, concluding, inter alia, that there was a triable issue of fact as to whether the School District adequately supervised Ryan during the field trip.

Although a school has a duty to adequately supervise the children in its care, a school is not an insurer of its students' safety (*see Goldschmidt v City of New York*, 123 AD3d 1087 [2014]; *Braun v Longwood Jr. High Sch.*, 123 AD3d 753, 755 [2014]; *Diana G. v Our Lady Queen of Martyrs Sch.*, 100 AD3d 592, 593 [2012]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 303 [2010]). Actual or constructive notice of prior similar conduct is generally required because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily (*see Mirand v City of New York*, 84 NY2d at 49; *Diana G. v Our Lady Queen of Martyrs Sch.*, 100 AD3d at 594). Thus, "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand v City of New York*, 84 NY2d at 49). Moreover, where an incident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury (*see Goldschmidt v City of New York*, 123 AD3d at 1087).

Here, the School District made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it had no specific knowledge or notice of any dangerous conduct on Ryan's part that would have put a reasonable person on notice of the need to protect against the injury-producing act. Regardless of whether Ryan intentionally or accidentally collided with Caitlin and Cara, his act of colliding with them as he ran to reach the exit door was an impulsive

one that could not reasonably have been anticipated (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302; *Antoine E.J. v Birch Family Servs., Inc.*, 95 AD3d 832, 833 [2012]). Although Ryan did have a disciplinary history, the two prior incidents in which he was involved during the fifth grade were insufficient to place the School District on notice that he would, either intentionally or accidentally, collide with two students as he ran to reach the exit door of a zoo exhibit (*see Scavelli v Town of Carmel*, 131 AD3d 688 [2015]; *Staten v City of New York*, 127 AD3d 1066 [2015]; *Thomas v City of New York*, 124 AD3d 872, 873-874 [2015]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 609 [2004]). Contrary to the plaintiffs' contention, the School District was not placed on notice of Ryan's alleged propensity for dangerous conduct by a brief essay Ryan wrote in response to a class assignment to write a scary Halloween story (*see generally Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302-303). Moreover, the School District's submissions also demonstrated, prima facie, that the incident occurred so quickly that it could not have been prevented by even the most intense supervision (*see Scavelli v Town of Carmel*, 131 AD3d 688 [2015]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, in my view, the Supreme Court should have granted the School District's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.