■ DONALD A. NELSON, JR., an Infant, by His Father and Natural Guardian, DONALD A. NELSON, SR., et al., Appellants, v SACHEM CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendants. [666 NYS2d 456] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 7, 1996, which granted the motion of the defendant Sachem Central School District for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Sachem Central School District.

While schools are under a duty to adequately supervise the students in their care, they are not insurers of the students' safety (*see, Mirand v City of New York,* 84 NY2d 44, 49; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650). In order to establish a breach of the duty to provide adequate supervision, a plaintiff must establish that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49; *see also, Moores v City of Newburgh School Dist.,* 213 AD2d 527). The plaintiff must also establish that the alleged breach of the duty to adequately supervise was a proximate cause of the injuries sustained (*see, Mirand v City of New York, supra,* at 50; *Schlecker v Connetquot Cent. School Dist.,* 150 AD2d 548).

The plaintiffs concede that there is no evidence which should have caused the Sachem Central School District (hereinafter

the School District) to anticipate that the defendant Richard DeGuido might initiate an altercation with the plaintiff Donald A. Nelson, Jr., or anyone else (*cf., Mirand v City of New York, supra*). Nevertheless, the plaintiffs allege that had the teachers been more vigilant in supervising the students and acted promptly at the first sign of trouble, they could have interceded and prevented Donald's injuries. We agree that the plaintiffs have raised triable issues of fact which preclude summary judgment. Viewing the evidence in the light most favorable to the plaintiffs (*see, Forte v Franklin Gen. Hosp.*, 185 AD2d 914), there is an issue as to whether the teachers were presented with a potentially dangerous situation and failed to take "energetic steps to intervene" in time to prevent one student from injuring another (*Lawes v Board of Educ.*, 16 NY2d 302, 305; *cf., Hanley v Hornbeck*, 127 AD2d 905). Moreover, there is an issue of fact as to whether Donald's injuries were a foreseeable consequence of the teachers' alleged failure to respond appropriately as the events unfolded (*see, Mirand v City of New York, supra*, at 51; *Garcia v City of New York*, 222 AD2d 192, 197; *Shante D. v City of New York*, 190 AD2d 356, 363, *affd* 83 NY2d 948). The Supreme Court therefore erred in granting the School District's motion for summary judgment. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.