■ WILLIAM EDWARD SILLER, Respondent, v MAHOPAC CENTRAL SCHOOL DISTRICT et al., Appellants, and LUCY CASTRIGNANO et al., Respondents. [795 NYS2d 605]—

In an action to recover damages for personal injuries, the defendants Mahopac Central School District and Mahopac Central School District Board of Education appeal from an order of the Supreme Court, Putnam County (Shapiro, J.), dated May 26, 2004, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs to the plaintiff-respondent.

Schools have a duty to provide supervision to ensure the safety of those students in their charge and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44 [1994]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49). Injuries caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see Mirand v City of New York, supra*).

The defendants Mahopac Central School District and Mahopac Central School District Board of Education sustained their burden of establishing that they had no actual or constructive notice of any prior similar conduct by the defendant Steven Castrignano, either against the plaintiff or another student in the high school (*see Mirand v City of New York, supra*; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788 [2002]). While there had been a verbal confrontation between Castrignano and the plaintiff only minutes before their fight, the injured plaintiff never reported this to school officials (*see Morman v Ossining Union Free School Dist., supra*). Viewing the evidence submitted in opposition to the motion in the light most favorable to the plaintiff, there is an issue as to whether a gym teacher who witnessed the start of the fight was presented with a potentially dangerous situation and failed to take "energetic steps to intervene" in time to prevent Castrignano from injuring the plaintiff (*see Lawes v Board of Educ.*, 16 NY2d 302, 305 [1965]; *Nelson v Sachem Cent. School Dist.*, 245 AD2d 434, 435 [1997]). Moreover, there is an issue of fact as to whether the plaintiff's injuries were a foreseeable consequence of the teacher's alleged failure to respond appropriately as the events unfolded in front of him (*see Mirand v City of New York, supra*). Therefore, the court properly denied the motion of the defendants Mahopac Central School District and Mahopac Central School District Board of Education for summary judgment. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.