■ ROEMELLO LUCIANO et al., Appellants, v OUR LADY OF SORROWS SCHOOL, Respondent. [911 NYS2d 911]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered September 25, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Schools have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Paca v City of New York,* 51 AD3d 991, 992 [2008]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendants is warranted" (*Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]; *see Troiani v White Plains City School Dist.,* 64 AD3d 701, 702 [2009]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355, 356 [2001]).

Here, the defendant failed to establish, as a matter of law, that it adequately supervised the infant plaintiff or that, even if it had, the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (*see Convey v City of Rye School Dist.,* 271 AD2d at 160; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). A triable issue of fact exists as to whether the defendant was presented with a potentially dangerous situation and failed to take "energetic steps to intervene" in time to prevent one student from injuring another (*Lawes v Board of Educ. of City of N.Y.,* 16 NY2d 302, 305 [1965]; *see Siller v Mahopac Cent. School Dist.,* 18 AD3d 532, 533 [2005]; *Nelson v Sachem Cent. School Dist.,* 245 AD2d 434, 435 [1997]).

The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.