■ MARNI WEINER, a minor by Her Parent and Natural Guardian, SHELLEY WEINER, et al., Respondents, v JERICHO UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Defendant. [932 NYS2d 138]—

The Supreme Court properly denied that branch of the defendant Rachel Albinder's motion which was for summary judgment dismissing the complaint insofar as asserted against her, and that branch of the cross motion of the defendants Jericho Union Free School District and Kevin Scott (hereinafter together the School defendants) which was for summary judgment dismissing so much of the complaint as alleged negligence insofar as asserted against them, on the ground that the allegations of negligence are barred by the doctrine of primary assumption of risk. The evidentiary submissions of the movants were sufficient to make a prima facie showing that the plaintiff Marni Weiner (hereinafter the infant plaintiff) assumed the risk of her injuries by participating in a lacrosse clinic in her high school's gymnasium. However, the Supreme Court properly determined that, in opposition, the plaintiffs raised a triable issue of fact.

Further, the Supreme Court properly denied that branch of the School defendants' cross motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision insofar as asserted against them. Schools have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44 [1994]; *Luciano v Our Lady of Sorrows School*, 79 AD3d 705 [2010]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendants is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Luciano v Our Lady*

*of Sorrows School,* 79 AD3d 705 [2010]). Here, the School defendants failed to establish, as a matter of law, that the infant plaintiff was adequately supervised at the time of the accident or that the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (*see Luciano v Our Lady of Sorrows School,* 79 AD3d 705 [2010]; *Convey v City of Rye School Dist.,* 271 AD2d at 160).

The appellants' remaining contentions are without merit. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.