*593 Motion by the appellants for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated April 8, 2011, which was determined by decision and order of this Court dated May 8, 2012, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
Ordered that the branch of the motion which is for leave to reargue is granted, and the motion is otherwise denied; and it is further,
Ordered that, upon reargument, the decision and order of this Court dated May 8, 2012 {Diana G. v Our Lady Queen of Martyrs School, 95 AD3d 944 [2012]), is recalled and vacated, and the following decision and order is substituted therefor:
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated April 8, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The infant plaintiff, a first-grade student, allegedly was injured while playing tag during recess at her school. During the game, a third-grade student, who was not playing the game, ran into the infant plaintiff, knocking her to the ground and causing her to hit her head. The infant plaintiff, by her father, and her father individually, commenced this action to recover damages for the infant plaintiffs injuries against the defendants, the alleged owners or operators of the school.
The Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Schools are under a duty to adequately supervise students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Staten v City of New York, 90 AD3d 893 [2011]; Capotosto v Roman Catholic Diocese of Rockville Ctr., 2 AD3d 384 [2003]). A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent. However, a school is not an insurer of its students’ safety (see Rodriguez v Riverhead Cent. School Dist., 85 AD3d 1147 [2011]; Hernandez v Middle Country Cent. School Dist., 83 AD3d 781 [2011]; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111 [2009]).
In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the *594 acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, the third-party acts could reasonably have been anticipated (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; Mirand v City of New York, 84 NY2d at 49; Shannea M. v City of New York, 66 AD3d 667 [2009]; Doe v Department of Educ. of City of N.Y., 54 AD3d 352 [2008]). Actual or constructive notice to the school of prior similar conduct is generally required, because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily. An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (see Mirand v City of New York, 84 NY2d at 49; Janukajtis v Fallon, 284 AD2d 428 [2001]; Johnsen v Carmel Cent. School Dist., 277 AD2d 354 [2000]; Convey v City of Rye School Dist., 271 AD2d 154 [2000]).
Here, the defendants established, prima facie, that they had no specific knowledge or notice of any dangerous conduct of any kind on the part of the child who ran into the infant plaintiff. There was no proof of any prior conduct that would have put a reasonable person on notice to protect the infant plaintiff against the injury-causing act. The act of the other child running and colliding with the infant plaintiff was an impulsive, unanticipated act that could not reasonably have been anticipated. Therefore, any lack of supervision was not the proximate cause of the injury (see Weiner v Jericho Union Free School Dist., 89 AD3d 728 [2011]; Luciano v Our Lady of Sorrows School, 79 AD3d 705 [2010]; Odekirk v Bellmore-Merrick Cent. School Dist., 70 AD3d 910 [2010]; Janukajtis v Fallon, 284 AD2d 428 [2001]).
The plaintiffs failed to raise a triable issue of fact in opposition to the defendants’ prima facie showing.
The plaintiffs’ contention regarding the alleged violation of a school policy against running at recess is improperly raised for the first time on appeal.
The plaintiffs’ remaining contention is without merit. Angiolillo, J.E, Dickerson, Hall and Cohen, JJ., concur.