In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated July 30, 2012, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging negligent supervision is granted.
On February 10, 2009, the infant plaintiff, who was then eight years old, was waiting to use the bathroom located in his first-grade classroom. As a fellow student exited the bathroom, the infant plaintiff placed his right hand near the door hinge, allegedly causing injuries to his middle and ring fingers. The infant plaintiff’s special education aide testified at an examination before trial that, at the time of the incident, she was standing in the vicinity of the bathroom, approximately three to six feet away from the infant plaintiff. She testified that, as the door was being opened, the infant plaintiff “whipped his body around” and placed his fingers inside the hinged side of the bathroom door. She further testified that the whole incident took approximately one second and occurred “instantaneously.”
The plaintiffs commenced this action alleging causes of action to recover damages for negligent supervision and, in effect, premises liability. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion which was to dismiss the cause of action alleging, in effect, premises liability. The Supreme Court, *953 however, denied that branch of the motion which was to dismiss the cause of action alleging negligent supervision.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]). “Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another” (id. [internal quotation marks omitted]). Moreover, “[w]here an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendant ] is warranted” (Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]; see Weiner v Jericho Union Free School Dist., 89 AD3d 728, 729 [2011]; Tanenbaum v Minnesauke Elementary School, 73 AD3d 743, 744 [2010]; Paca v City of New York, 51 AD3d 991, 993 [2008]; Mayer v Mahopac Cent. School Dist., 29 AD3d 653, 654 [2006]).
Here, the defendant established its prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging negligent supervision by eliminating all triable issues of fact (see O’Brien v Sayville Union Free School Dist., 87 AD3d 569, 570 [2011]; Walsh v City School Dist. of Albany, 237 AD2d 811, 812 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging negligent supervision. Eng, EJ., Rivera, Angiolillo and Balkin, JJ., concur.