■ JENNIFER CRUZ, Appellant, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Respondent. [5 NYS3d 184]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated July 15, 2014, as denied that branch of its motion which was for summary judgment dismissing the causes of action alleging negligent supervision.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 23, 2007, the plaintiff, who was then a seventh-grade student at West Middle School, in the defendant

Brentwood Union Free School District (hereinafter the District), allegedly sustained personal injuries when she was assaulted by two fellow students. The plaintiff, by her mother, commenced this action against the District alleging, inter alia, negligent supervision. The District moved for summary judgment dismissing the complaint. The Supreme Court, among other things, denied that branch of the District's motion which was for summary judgment dismissing the causes of action alleging negligent supervision.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669 [2012]). In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, the third-party acts could reasonably have been anticipated (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d at 49; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804 [2012]; *Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 844 [2011]).

Here, in support of that branch of its motion which was for summary judgment dismissing the causes of action alleging negligent supervision, the District failed to establish, prima facie, that the alleged assault was an unforeseeable act or that it had no actual or constructive notice of prior conduct similar to the subject incident (*see Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d at 671; *Luciano v Our Lady of Sorrows School*, 79 AD3d 705 [2010]; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579, 580-581 [2007]). Since the District failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied that branch of the District's motion which was for summary judgment dismissing the causes of action alleging negligent supervision. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.