■ BIANCA BUTERA, an Infant, by Her Mother and Natural Guardian, MARIA T. RIGNOLA-BUTERA, et al., Respondents, v VILLAGE OF BELLPORT, Appellant. [10 NYS3d 292]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 2, 2014, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly sustained personal injuries when she was attacked by fellow campers at a summer camp run by the defendant. The infant plaintiff alleged that the attack lasted for approximately five minutes before a camp counselor, who had been in the vicinity since the attack began, came to her assistance. Subsequently, the infant plaintiff, and her mother suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that its employees adequately supervised the infant plaintiff. The Supreme Court denied the motion.

Schools and camps have a duty to provide supervision to ensure the safety of those in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *DiGiacomo v Town of Babylon*, 124 AD3d 828 [2015]; *Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127, 1128 [2010]). Here, the defendant failed to establish, prima

facie, that its employees provided adequate supervision. A triable issue of fact exists as to whether the defendant's employees were presented with a potentially dangerous situation and failed to take "energetic steps to intervene" in time to prevent campers from injuring another (*Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305 [1965]; *see Buchholz v Patchogue-Medford School Dist.*, 88 AD3d 843, 845 [2011]; *McLeod v City of New York*, 32 AD3d 907, 908 [2006]; *Siller v Mahopac Cent. School Dist.*, 18 AD3d 532, 533 [2005]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.