■ GLENN PETERS, Respondent, v VICTOR O. HERNANDEZ et al., Defendants, and MDC TAVERN CORP., Doing Business as CAROUSEL, et al., Appellants. [37 NYS3d 443]—

In an action, inter alia, to recover damages for personal injuries, the defendants MDC Tavern Corp., doing business as Carousel, Mark E. Carney, Dennis Charette, and Gregory Robert Walsh appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated May 13, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike their answer on the ground of spoliation of evidence.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendants MDC Tavern Corp., doing business as Carousel, Mark E. Carney, Dennis Charette, and Gregory Robert Walsh on the ground of spoliation of evidence, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of directing that an adverse inference charge be given against those defendants at the trial of this action with respect to a video recording of the underlying incident and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (Morales v City of New York, 130 AD3d

792, 793 [2015]; *see* CPLR 3126; *Neve v City of New York*, 117 AD3d 1006, 1008 [2014]; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 713-714 [2013]). "The party requesting sanctions for [spoliation] has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to' " prove its claim or defense (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]). However, " 'striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct' " and, thus, the courts must " 'consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness' " (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718, quoting *Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *see Morales v City of New York*, 130 AD3d at 794). "When the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (*Morales v City of New York*, 130 AD3d at 794; *see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Iannucci v Rose*, 8 AD3d at 438). "This Court will substitute its judgment for that of the Supreme Court only if that court's discretion was improvidently exercised" (*Morales v City of New York*, 130 AD3d at 794; *see Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714).

Here, the Supreme Court improvidently exercised its discretion in imposing the sanction of striking the answer of the defendants MDC Tavern Corp., doing business as Carousel, Mark E. Carney, Dennis Charette, and Gregory Robert Walsh (hereinafter collectively the appellants). Although the plaintiff demonstrated that the appellants negligently disposed of the video recording of the underlying incident, his ability to prove his case without that recording was not fatally compromised (*see Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]; *Mendez v La Guacatala, Inc.*, 95 AD3d 1084, 1085 [2012]). Under the circumstances of this case, the appropriate sanction is to direct that an adverse inference charge be issued at trial against the appellants with respect to the unavailable recording (*see Giuliano v 666 Old Country Rd., LLC*, 100 AD3d at 962; *Mendez v La Guacatala, Inc.*, 95 AD3d 1084, 1085-1086 [2012]). Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.