Francis v Mount Vernon Bd. of Educ. (2018 NY Slip Op 05916)





Francis v Mount Vernon Bd. of Educ.


2018 NY Slip Op 05916


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-07803
 (Index No. 63868/14)

[*1]Marlene Francis, etc., appellant, 
v
Mount Vernon Board of Education, respondent.


Cohn & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated July 5, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion, inter alia, to strike the defendant's answer on the ground of spoliation of evidence.
ORDERED that the order is affirmed, with costs.
The complaint alleges that L.F., an infant, sustained injuries when he was picked up and dropped on his head by a fellow student at Mount Vernon High School. The plaintiff, suing individually and as the parent and natural guardian of L.F., commenced this action against the defendant, Mount Vernon Board of Education, to recover damages for personal injuries, alleging that it failed to provide adequate supervision. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion, inter alia, to strike the defendant's answer on the ground of spoliation of evidence. The plaintiff appeals, and we affirm.
We agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was to strike the defendant's answer on the ground of spoliation (see Peters v Hernandez, 142 AD3d 980, 981; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718-719). " When a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718, quoting Denoyelles v Gallagher, 40 AD3d 1027, 1027). " [S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct,'" and thus, a court must " consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718, quoting Iannucci v Rose, 8 AD3d 437, 438; see Peters v Hernandez, 142 AD3d at 981). "When the moving party is still able to establish or defend a case, a less severe sanction is appropriate" (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 718; see Peters v Hernandez, 142 AD3d at 981). The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation [*2]of evidence and this Court will substitute its judgment only where the Supreme Court improvidently exercised such discretion (see Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846). Here, a video recording which captured the incident from a distance could not be located after it had been viewed by the plaintiff, the police, and school administrators. According to the Principal of Mount Vernon High School, he did not know when the video disappeared but he asserted that its disappearance was accidental and a search had been conducted to locate it. Under these circumstances, where the defendant lost the video recording after having provided it for viewing to the plaintiff and others, the plaintiff would still be able to establish her case at trial despite the absence of the video. As such, the Supreme Court did not improvidently exercise its broad discretion in concluding that the drastic sanction of striking the defendant's answer was unwarranted.
We also agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146). "However, unanticipated third-party acts causing injury upon a fellow student will generally not give rise to a school's liability in negligence absent actual or constructive notice of prior similar conduct" (Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; see Mirand v City of New York, 84 NY2d at 49). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d at 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Nash v Port Wash. Union Free School Dist., 83 AD3d at 150).
Here, the defendant established its prima facie entitlement to judgment as a matter of law. The defendant submitted evidence that L.F. and the other student had no previous interaction and that the other student's prior disciplinary record did not include any violent act, thereby establishing that the defendant had no specific knowledge or notice of any prior conduct such that L.F.'s alleged assault could reasonably have been anticipated (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804, 805-806; Morman v Ossining Union Free School Dist., 297 AD2d 788, 789; Janukajtis v Fallon, 284 AD2d 428, 430). In opposition, the plaintiff failed to raise a triable issue of fact (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 303; Brown v South Country Cent. Sch. Dist., 137 AD3d 732, 733; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d at 805-806).
DILLON, J.P., MILLER and BRATHWAITE NELSON, JJ., concur.
SGROI, J., dissents and votes to reverse the order, on the law, deny the defendant's motion for summary judgment dismissing the complaint, and grant the plaintiff's cross motion to the extent of directing an adverse inference charge and otherwise denying the cross motion, with the following memorandum:
After the infant L.F. was picked up and dropped on his head by a fellow student (hereinafter the fellow student) at Mount Vernon High School, L.F.'s mother, individually and as the parent and natural guardian of L.F., commenced this action against the defendant, alleging that it was negligent in providing supervision to L.F. Although a video recording was made of the subject incident, the recording was misplaced by the defendant and could not be produced in discovery.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved to impose sanctions on the defendant on the ground of spoliation of evidence as related to the missing recording. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. As to the defendant's motion, the court reasoned, essentially, that the fellow student's act was unforeseeable and could not have been prevented. Because I disagree with my colleagues in the majority that this conclusion can be reached [*3]as a matter of law, I respectfully dissent.
Schools have a duty to provide supervision to ensure the safety of those in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Mirand v City of New York, 84 NY2d 44, 49; Butera v Village of Bellport, 128 AD3d 995; Buchholz v Patchogue-Medford School Dist., 88 AD3d 843, 844). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d at 49). If, in fact, "dangerous play comes to its notice while children are within its area of responsibility," a school is bound "to take energetic steps to intervene" (Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305).
I agree with my colleagues in the majority that the defendant demonstrated, prima facie, the lack of prior similar conduct on the part of the fellow student as would have put the defendant on notice of any propensity for violent behavior on his part (see Buchholz v Patchogue-Medford School Dist., 88 AD3d at 844-845). Under the circumstances of this case, however, there are questions of fact as to whether the defendant nevertheless had sufficiently specific notice of the dangerous conduct which caused L.F.'s injuries, and failed to promptly intervene.
L.F. testified at both a General Municipal Law § 50-h hearing and a deposition that immediately before he was injured, a group of 30 to 50 students were congregating in the hallway. One of L.F.'s friends was lying on the floor and a group of four or five students, including the fellow student, were "play fighting" by hitting his friend with closed fists. According to L.F., his friend was saying "ouch" and "stop." The group of students then approached another friend of L.F. (hereinafter the second friend), and began hitting the second friend "much more aggressive[ly]." The second friend also ended up on the floor, and the students began kicking him. L.F. started to walk away, and the fellow student tapped L.F. on the shoulder, grabbed him, and dropped him on his head. A security officer employed by the defendant testified at a deposition that at the time of the incident, she was in the hallway, close enough to hear "a whole bunch of like (sound)," and came over when she saw L.F. on the floor. According to L.F.'s mother, who had an opportunity to view the video recording before it was lost, the students were "rough housing" in the hallway for three to five minutes before L.F. was injured.
In light of the foregoing testimony, the defendant failed to demonstrate, prima facie, that it lacked sufficient notice of the injury-producing conduct and that L.F.'s injuries were unforeseeable or unavoidable (see Luciano v Our Lady of Sorrows School, 79 AD3d 705; Siller v Mahopac Cent. School Dist., 18 AD3d 532, 533; Nelson v Sachem Cent. School Dist., 245 AD2d 434, 434-435; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [the defendant need not foresee the precise manner in which its negligence would result in injury]). Put differently, the defendant failed to eliminate all triable issues of fact as to whether the security officer "was presented with a potentially dangerous situation and failed to take energetic steps to intervene'" (Buchholz v Patchogue-Medford School Dist., 88 AD3d at 845, quoting Lawes v Board of Educ. of City of N.Y., 16 NY2d at 305; see Butera v Village of Bellport, 128 AD3d at 996; Luciano v Our Lady of Sorrows School, 79 AD3d at 705; Siller v Mahopac Cent. School Dist., 18 AD3d at 533; Shoemaker v Whitney Point Cent. School Dist., 299 AD2d 719, 720; Nelson v Sachem Cent. School Dist., 245 AD2d at 434-435). Since the defendant failed to meet its prima facie burden, its motion for summary judgment should have been denied without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
As to the plaintiff's cross motion, I agree with my colleagues in the majority that the sanction of striking the defendant's pleading for its inadvertent loss of the video recording was not warranted under the circumstances (see Peters v Hernandez, 142 AD3d 980, 981; Morales v City of New York, 130 AD3d 792, 793; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 719). Nevertheless, the plaintiff was potentially prejudiced by the loss of the video recording. Under the circumstances, the appropriate sanction would be to direct that an adverse inference charge, [*4]permitting but not requiring the jury to draw a negative inference from the unavailability of the recording, be issued at trial against the defendant (see Eksarko v Associated Supermarket, 155 AD3d 826, 828-829; Peters v Hernandez, 142 AD3d at 981; Morales v City of New York, 130 AD3d at 793; Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960; Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085; Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d at 719; see also Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 554; PJI 1:77).
Accordingly, I would reverse the order appealed from, deny the defendant's motion for summary judgment dismissing the complaint, and grant the plaintiff's cross motion to the extent of directing an adverse inference charge.
ENTER:
Aprilanne Agostino
Clerk of the Court