Palopoli v Sewanhaka Cent. High Sch. Dist. (2018 NY Slip Op 07441)





Palopoli v Sewanhaka Cent. High Sch. Dist.


2018 NY Slip Op 07441


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04486
 (Index No. 14468/13)

[*1]Steven P. Palopoli, etc., et al., appellants,
v
Sewanhaka Central High School District, et al., respondents, et al., defendant.


Law Office of Mary Ann Candelario LLC, Westbury, NY, for appellants Steven P. Palopoli and Steven M. Palopoli.
Philip J. Rizzuto, P.C., Uniondale, NY (Kristen N. Reed of counsel), for appellants Samantha DiMatteo and Kimberly DiMatteo.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs Steven P. Palopoli and Steven M. Palopoli appeal, and the plaintiffs Samantha DiMatteo and Kimberly DiMatteo separately appeal, from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered February 25, 2016. The order, insofar as appealed from by the plaintiffs Steven P. Palopoli and Steven M. Palopoli, granted that branch of the motion of the defendants Sewanhaka Central High School District, H. Frank Carey High School, and We Transport Incorporated which was for summary judgment dismissing the complaint of those plaintiffs insofar as asserted against them. The order, insofar as appealed from by the plaintiffs Samantha DiMatteo and Kimberly DiMatteo, granted that branch of the motion of the defendants Sewanhaka Central High School District, H. Frank Carey High School, and We Transport Incorporated which was for summary judgment dismissing the amended complaint of those plaintiffs insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants Sewanhaka Central High School District, H. Frank Carey High School, and We Transport Incorporated for summary judgment dismissing the complaint of the plaintiffs Steven P. Palopoli and Steven M. Palopoli and the amended complaint of the plaintiffs Samantha DiMatteo and Kimberly DiMatteo insofar as asserted against them is denied.
The infant plaintiff Steven P. Palopoli testified at a deposition that he boarded a school bus parked outside of H. Frank Carey High School and attempted to sit in the only available seat, which was next to the defendant Jonathan Torres. When Palopoli asked Torres whether he could sit next to him, Torres stood up, pushed past Palopoli, and started to exit the bus. Palopoli yelled to Torres not to push him, and Torres ran toward Palopoli, stating, "It's on now." Torres proceeded to punch Palopoli four or five times in the face, and then started slamming Palopoli's head against the interior of the bus. Palopoli fell on top of the infant plaintiff Samantha DiMatteo during [*2]the scuffle, and Torres, who continued to hit Palopoli, also made contact with DiMatteo's head with several blows. Torres continued punching Palopoli, who started bleeding, as Palopoli fell to the floor of the bus. After Palopoli lost consciousness, Torres stopped throwing punches.
When the fight initially began, the bus driver exited the bus. A security aide entered the bus during the fight, but, according to DiMatteo, the security aide did not intervene to stop the fight. According to the bus driver, the security aide told the students to stop fighting and then radioed for assistance, and three additional security aides entered the bus thereafter, but the bus driver did not see whether any of the security aides intervened to stop the fight.
Palopoli, by his father, and his father individually (hereinafter together the Palopoli plaintiffs), and DiMatteo, by her mother, and her mother individually (hereinafter together the DiMatteo plaintiffs), commenced separate actions, which were subsequently consolidated, alleging, inter alia, negligent supervision by the defendants Sewanhaka Central High School District, H. Frank Carey High School, and We Transport Incorporated (hereinafter collectively the school defendants). The school defendants moved for summary judgment dismissing the Palopoli plaintiffs' complaint and the DiMatteo plaintiffs' amended complaint insofar as asserted against them. The plaintiffs opposed the motion. The DiMatteo plaintiffs also cross-moved, inter alia, to compel the disclosure of any disciplinary records relating to Torres. The Supreme Court granted the school defendants' motion and denied the DiMatteo plaintiffs' cross motion. The Palopoli plaintiffs and the DiMatteo plaintiffs separately appeal.
The Supreme Court should have denied the school defendants' motion for summary judgment dismissing the complaint and the amended complaint insofar as asserted against them. Schools have a duty to adequately supervise the students in their care and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; Mirand v City of New York, 84 NY2d 44, 49). The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information (see David v County of Suffolk, 1 NY3d 525, 526; Mirand v City of New York, 84 NY2d at 49). Where the complaint alleges negligent supervision in the context of injuries caused by an individual's intentional acts, the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable (see Mirand v City of New York, 84 NY2d at 49; Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828).
Here, the school defendants failed to establish, prima facie, that they had no specific knowledge or notice of Torres's propensity to engage in the misconduct alleged. In support of their motion, the school defendants submitted, inter alia, the deposition testimony of assistant principal Sharon Flynn, who testified that Torres had a disciplinary record. When asked whether Torres' prior disciplinary history involved violence, Flynn replied only, "Not that I remember." Thus, the school defendants failed to sustain their prima facie burden of establishing that they had no actual or constructive notice of Torres's propensity to engage in the misconduct alleged (see Khosrova v Hampton Bays Union Free Sch. Dist., 99 AD3d 669).
The school defendants also submitted the deposition testimony of DiMatteo, who testified that a security aide entered the bus three minutes into the six-minute fight, but the security aide did not intervene, and the deposition testimony of the bus driver, who testified that four security aides entered the bus, but he did not see whether they intervened to stop the fight or whether the fight stopped on its own. Thus, triable issues of fact also exist as to whether Torres's dangerous conduct occurred in such a short span of time that no amount of supervision by the school defendants could have prevented the infant plaintiffs' injuries (see Buchholz v Patchogue-Medford School Dist., 88 AD3d 843; cf. Janukajtis v Fallon, 284 AD2d 428; Convey v City of Rye School Dist., 271 AD2d 154), whether the infant plaintiffs' injuries were a foreseeable consequence of the security aide's alleged failure to respond appropriately as the events unfolded (see Nelson v Sachem Cent. School Dist., 245 AD2d 434), and whether security personnel took "energetic steps to intervene" in the fight to stop Torres from injuring the infant plaintiffs (Lawes v Board of Educ. of City of N.Y., 16 NY2d [*3]302, 305; see Butera v Village of Bellport, 128 AD3d 995). Accordingly, the Supreme Court should have denied the school defendants' motion for summary judgment dismissing the complaint and the amended complaint insofar as asserted against them.
We have not considered the DiMatteo plaintiffs' contention that the Supreme Court should have granted their cross motion, inter alia, to compel the disclosure of Torres's disciplinary records, as that contention is beyond the scope of their limited notice of appeal (see White v Farrell, 20 NY3d 487, 493 n 1; O'Brien v Town of Huntington, 131 AD3d 685, 687; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852, 853; Hunt v Raymour & Flanigan, 105 AD3d 1005, 1006; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court